**Amado Alexander ELIAS, a.k.a. Hector Rodriguez, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 12–72236.

United States Court of Appeals, Ninth Circuit.

Submitted May 13, 2014.*

Filed May 23, 2014.

Constantinos Fountas, Fountas & Associates, Las Vegas, NV, for Petitioner.

OIL, Genevieve Holm, U.S. Department of Justice, Washington, DC, Chief Counsel ICE Office of the Chief Counsel Department of Homeland Security San Francisco, CA, for Respondent.

Before: CLIFTON, BEA, and WATFORD, Circuit Judges.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**MEMORANDUM ***

Amado Alexander Elias, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir.2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility finding based on the omission from Elias's asylum application and affidavit of two incidents in which gang members beat and physically injured him. *See Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir.2011) ("Material alterations in the applicant's account of persecution are sufficient to support an adverse credibility finding."). The agency reasonably rejected Elias's explanations for the omissions. *See Rizk v. Holder*, 629 F.3d 1083, 1091 (9th Cir.2011). Further, the record does not otherwise compel the conclusion that it is more likely than not Elias will be tortured if returned to El Salvador. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156–57 (9th Cir.2003). Finally, we reject Elias's contentions that the agency failed to consider Elias's risk of torture in the aggregate and that the agency misapplied *Cole v. Holder*, 659 F.3d 762 (9th Cir.2011). Accordingly, Elias's CAT claim fails.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.